OPINION
Defendant-appellant, Joseph E. Price, appeals the sentence imposed upon him by the Clermont County Court of Common Pleas raising one assignment of error. We find appellant's assignment to be without merit and hereby affirm the trial court.
During the months of September and October of 1997, on four separate occasions, appellant broke into several business establishments and stole cash and property to finance his substance addiction. On December 9, 1997, appellant pled guilty to four counts of breaking and entering in violation of R.C.2911.13(A), each constituting a fifth degree felony. By entry filed January 23, 1998, the trial court ordered appellant to serve four consecutive, one-year prison sentences, the maximum sentence provided by law.
Appellant asserts the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO THE HARSH MAXIMUM ALLOWABLE PRISON TERM OF FOUR CONSECUTIVE YEARS UPON PLEADING TO FOUR FELONIES OF THE FIFTH DEGREE, WHEN THE APPELLANT HAD NO PRIOR FELONIES, NO PRIOR DANGEROUS CRIMES, AND NO ADULT CRIME MORE SERIOUS THAN STEALING A CAR STEREO.
Appellant contends that imposition of the maximum sentence was excessively severe and an abuse of discretion by the trial court.
Our review of appellant's sentence is guided by R.C. 2953.08
(G)(1) which states that an appellate court may increase, reduce, or otherwise modify a sentence, or may vacate a sentence and remand the matter if the court clearly and convincingly finds that "the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree * * * that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense." R.C. 2953.08(G)(1)(b).
First, we must determine whether the trial court correctly applied the factors of R.C. 2929.13(B)(1)(a)-(h). Specifically, R.C. 2929.13(B)(1)(h) states that the court must consider whether the offender was previously "subject to a community control sanction, and the offender committed another offense while under the sanction." The record reflects that appellant committed the four offenses at issue while he was on probation for prior crimes. Thus the trial court correctly found that R.C.2929.13(B)(1)(h) was applicable.
Next, we must determine if the procedures outlined in R.C.2929.13(B) were followed correctly.[1] Before imposing a prison sentence, the court must determine that a prison term is consistent with the purposes of the statute as outlined in R.C.2929.11,[2] and that the offender is not amenable to available community control sanctions. In so doing, the court must consider the factors regarding recidivism and seriousness listed in R.C. 2929.12. See State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported.
The record reflects that the trial court correctly considered the factors of R.C. 2929.12(B)-(E) and found, in light of appellant's past record and the nature of the offenses, that appellant's offenses were "more serious" and that recidivism was "more likely." The court stated that appellant had "failed to respond favorably in the past to probation or parole, and * * * ever since [he had] been put on probation, [he had] re-offended time after time." Thus, the court demonstrated that the purposes of R.C. 2929.11, to protect the public from future crime, necessitated imposing a prison term. Likewise, the court also demonstrated that appellant was not amenable to available community control sanctions. Based upon the foregoing, we cannot say that the procedures of 2929.13(B) were followed incorrectly.
Finally, we must determine if there was a sufficient basis for imposition of the prison term. If the court determines that a prison sentence is warranted, as in this case, the court must select a term from the range presented in R.C. 2929.14(A)(1)-(5). For a fifth degree felony, the sentencing range is six to twelve months.
R.C. 2929.14(B) states that if the offender has not previously served a prison term, the court must impose the shortest possible sentence. However, there are two exceptions provided: where the shortest term will demean the seriousness of the offender's conduct or the shortest term will not adequately protect the public. Due to appellant's repeated offenses committed while he was on probation, the trial court found that imposing the minimum sentence would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime.
R.C. 2929.14(C) then states that the court should not impose the maximum sentence upon an offender unless the offender committed the worst form of the offense or the offender poses the greatest likelihood of committing future crimes. The court again stated that the maximum term was necessary because, based upon his past criminal conduct, appellant posed the greatest likelihood of recidivism. The court then found, under R.C.2929.14(E), that the consecutive sentences were necessary and appropriate.
After careful examination of the record, we find that the procedures set forth in R.C. 2929.13(B) were followed correctly by the trial court, that there was sufficient basis for imposing the prison term, that the record supports the sentence, and that the sentence is not contrary to law. Accordingly, we find no abuse of discretion by the trial court in sentencing appellant to the maximum term available. Appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] R.C. 2929.13(B)(2)(a) states "If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
[2] R.C. 2929.11(A) states that the purpose of felony sentencing is to punish the offender and to protect the public from future crimes committed by the offender.